IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

RICHARD M. DAUVAL, Trustee for
the Estate of CYNTHIA LEVINSON,
an individual,

Case No.: 13-003283-CO

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, RICHARD M. DAUVAL (hereinafter "Plaintiff), Trustee for the Estate of CYNTHIA LEVINSON (hereinafter, "Debtor"), by and through the undersigned counsel, and sues Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter, "Defendant"), and alleges:

### PRELIMINARY STATEMENT

This is an action for statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692a, *et seq.* (hereinafter, the "FDCPA").

### JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes Section 559.77 and 15 U.S.C. Section 1692k(d).

3. At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4. At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5. Defendant is a foreign profit corporation existing under the laws of the State of Pennsylvania that, itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C. Section 1692a(6) and Florida Statutes Section 559.55(6).

7. Defendant regularly uses interstate mail and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

8. At all times herein, Defendant attempts to collect debts, specifically Citibank credit cards referenced by account -5146 and -0542 (hereinafter collectively, "the Debt").

9. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

10. At all times herein, Defendant was a "person" pursuant to Florida Statutes Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all times herein, Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statutes

Section 559.55.

12. At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14. Defendant continuously and repeatedly called Debtor's place of employment in an attempt to collect the Debt.

15. On at least one occasion, Defendant called Debtor's place of employment and spoke with Debtor's co-worker. During this conversation, Defendant asked to speak with Debtor's office manager.

16. During the immediately aforementioned call, Defendant did not identify itself or state the nature of the case.

17. On several occasions, Defendant called Debtor's place of employment and spoke with Debtor, who asked Defendant not to call her at Debtor's place of employment. On at least one occasion, Defendant responded to Debtor's request by stating, "Well, we need to get this resolved."

18. Defendant called Debtor's place of employment on at least four (4) more occasions after Debtor requested that Defendant not call Debtor's place of employment in its attempts to collect the Debt.

19. Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendant and is obligated to pay her attorneys a

reasonable fee for their services.

20. Florida Statutes Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation, actual damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendant.

21. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendant.

22. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

### COUNT ONE: UNFAIR DEBT COLLECTION PRACTICE – VIOLATION OF FLROIDA STATUTES SECTION 559.72(4)

Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further states as follows:

23. Defendant is subject to, and has violated provisions of, Florida Statutes Section 559.72(4) by communicating or threatening to communicate with Debtor's employer without Debtor's consent or first obtaining a final judgment against Debtor.

24. Specifically, Defendant continuously and repeatedly called Debtor's place of employment in an attempt to collect the Debt.

25. Additionally, on at least one occasion, Defendant spoke with Debtor's co-worker and asked to speak with Debtor's office manager in its attempts to collect the Debt.

26. Furthermore, Defendant left a message with Debtor's co-worker and asked for Debtor to return the call.

27. Defendant did not have a judgment against Debtor at the time of the collections calls, nor did Defendant have Debtor's written consent to make such employer communications. To the contrary, Debtor asked Defendant to stop such communications. Notwithstanding Debtor's request regarding the same, the Debt collection calls continued.

28. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORDA STATUTES SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further state as follows:

29. Defendant is subject to, and has violated the provisions of, Florida Statutes Section 559.72(7) by collecting consumer Debts from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

30. Specifically, Defendant repeatedly and continuously called Debtor's place of employment in its attempt to collect the Debt. Defendant did so without judgment or consent and after Debtor specifically asked for the calls to stop.

31. Additionally, on at least one occasion, Defendant spoke with Debtor's co-

worker and asked to speak with Debtor's office manager.

32.     Furthermore, Defendant continued to call Debtor's place of employment to collect the Debt in a conscious effort to scare Debtor into paying the Debt.

33.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

34.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. SECTION 1692c(a)(1)

Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as if fully restated herein and further states as follows:

35.     Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692c(a)(1) by communicating with Plaintiff at a time or place known or which should be known to be inconvenient to Plaintiff.

36.     Specifically, Defendant repeatedly and continuously called Debtor's place of employment in its attempt to collect the Debt.

37.     Additionally, Defendant called Debtor at her place of employment despite being repeatedly told not to do so.

38.     As a direct and proximate result of Defendant's actions, Plaintiff has

sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. SECTION 1692c(a)(3)

Plaintiff re-alleges paragraphs one (1) through twenty (20) as if fully restated herein and further states as follows:

39. Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692c(a)(3) by communicating with Plaintiff at Plaintiff's place of employment despite Defendant knowing or having reason to know or actual knowledge that such communications are prohibited by Plaintiff's employer.

40. Specifically, Defendant continuously and repeatedly called Debtor's place of employment in an attempt to collect the Debt despite Debtor's requests to Defendant to stop such communications. Notwithstanding the same, the Debt collection calls continued to Debtor's place of employment.

41. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. SECTION 1692d

Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as if fully restated herein and further states as follows:

42. Defendant is subject to, and has violated the provisions of 15 U.S.C. Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

43. Specifically, Defendant continuously and repeatedly called Debtor's place of employment in an attempt to collect the Debt.

44. Additionally, on at least one occasion, Defendant spoke with Debtor's co-worker and asked to speak with Debtor's office manager.

45. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. SECTION 1692d(6)

Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as if fully restated herein and further states as follows:

46. Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692d(6) by repeatedly contacting Plaintiff without meaningful, truthful disclosure of its identity.

47. Specifically, during the numerous Debt collection calls made by Defendant to Debtor's place of employment, Defendant failed to identify itself or state the nature of Defendant's business.

48. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. SECTION 1692e(11)

Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as if fully restated herein and further states as follows:

49. Defendant is subject to and has violated the provisions of 15 U.S.C. Section 1692e(11) by failing to initially disclose that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

50. Defendant further failed in subsequent communications to disclose that the communication was from a debt collector.

51. These disclosure requirements apply to written as well as oral communications from debt collectors. *See* Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (U.S. Dist. 2006). *See also* Michael Belin v. Litton Loan Servicing, LP, filed July 14, 2006, 8:06-cv-760-T-24-EAJ.

52. Specifically, during the numerous Debt collection calls made by Defendant to Debtor's place of employment, Defendant failed to identify itself or state

the nature of the case.

53.   As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

Respectfully Submitted,

**LEAVENGOOD & NASH**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 10167**
☐ **Christopher C. Nash, Esq., FBN 135046**
X **Aaron M. Swift, Esq., FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
cnash@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*